■ JANIE MILES, Appellant, v. R & M APPLIANCE SALES, INC., Defendant-Respondent and Third-Party Plaintiff. RONDEL TELEVISION SERVICE COMPANY, Third-Party Defendant.— Judgment of the Supreme Court, Westchester County, dated May 12, 1965, reversed, on the law, and new trial granted, with costs to abide the event. No questions of fact have been considered. In our opinion, when the evidence adduced by plaintiff is considered in the aspect most favorable to her and she is given the benefit of every favorable inference which can reasonably be drawn from that evidence (*Andersen* v. *Bee Line*, 1 N Y

2d 169, 172), a prima facie case of negligence was established. Ughetta, Rabin and Benjamin, JJ., concur. Beldock, P. J., and Munder, J., dissent and vote to affirm the judgment, with the following memorandum: Entirely apart from the question of plaintiff's credibility, there was no proof in this case that either the defendant or the third-party defendant was in any way negligent. If reversal is based on the theory that the presence of the air conditioner in the yard warrants the inference that defendant or its agent must have redelivered it, it must be further assumed that when it was redelivered it was so placed by defendant as to create a trap. This is basing inference on inference. Plaintiff might have established a prima facie case by means of a deposition of defendant or its agent before trial, but she did not do so. In our opinion, plaintiff failed to make out a prima facie case of negligence on the part of defendant.